UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MATTHEW FINNEGAN,

                    Plaintiff,

          -against-

CUBESMART,

                    Defendant.

22-CV-304 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　　　Plaintiff Sean Matthew Finnegan, who is appearing *pro se*, brings this action under the
Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. By order dated February 9,
2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in
forma pauperis* (IFP). The complaint is dismissed for the following reasons.

**STANDARD OF REVIEW**

　　　　The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or
malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.
Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a
complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While
the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*
pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise
the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,
474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

　　　　Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and
plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

BACKGROUND

Plaintiff filed this complaint against Cubesmart. Both parties reside in New York. Without providing any facts about what exactly occurred, Plaintiff alleges that Cubesmart violated the FDCPA, "breached [a] contract causing catastrophic personal and professional damages" to him, and is also "harassing, threatening, intimidating, and abusing" him. (ECF 2 ¶¶ 2-3.) Plaintiff seeks hundreds of millions of dollars in damages. (*Id.* ¶ IV.)

DISCUSSION

**A.     FDCPA claim**

Plaintiff brings claims under 15 U.S.C. § 1692d, a provision of the FDCPA, 15 U.S.C. § 1692. The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in Section 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its

2

own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

The provision that Plaintiff invokes, Section 1692d, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Plaintiff has failed to allege any facts suggesting that Cubesmart is a debt collector within the meaning of the FDCPA, or that he owed a debt to Cubesmart. Thus, the complaint does not state a viable FDCPA claim.

**B.      State law claims**

To the extent Plaintiff seeks to asserts state law claims of breach of contract or other tort claims, he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

## C.     Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## D.     Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of

particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009)
(discussing circumstances where frequent *pro se* litigant may be charged with knowledge of
particular legal requirements).

Plaintiff has previously filed multiple complaints in this Court asserting FDCPA claims.
In orders dismissing those cases, the Court set forth the elements of such a claim and explained
why Plaintiff had failed to state a claim under the statute. *See, e.g.*, *Finnegan v. Chase Bank*,
ECF 1:21-CV-6103, 7 (LTS) (S.D.N.Y. Aug. 27, 2021); *Finnegan v. New York Police Dep't*,
ECF 1:21-CV-5798, 6 (LTS) (S.D.N.Y. July 26, 2021). In fact, Plaintiff was recently barred
from filing IFP complaints without prior leave of court. *See Finnegan v. Dist. of Columbia
Superior Court,* ECF 1:21-CV-10946, 6 (S.D.N.Y. Feb. 7, 2022). In light of his litigation history,
the Court finds that Plaintiff was or should have been aware of the elements of an FDCPA claim
when he filed this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would
not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See
Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

 Dated:   February 22, 2022
          New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge
